JUSTICE NELSON,
concurring.
¶31 I concur in the Court’s decision.
¶32 As to Issue I, the Court explains that to invoke the common law doctrine of plain error review, two requirements must be met. In summary, the appellant must show, first, that the claimed error implicates a fundamental right and, second, that the error is “plain.” To show that the error is “plain,” the appellant must “firmly convince” this Court that failure to review the claimed error would result in a manifest miscarriage of justice, leave unsettled the question of the fundamental fairness of the trial or proceedings, or compromise the integrity of the judicial process. Opinion, ¶¶ 14-17; see also State v. Finley, 276 Mont. 126, 137, 915 P.2d 208, 215 (1996). Applying this test to the specific facts of this case, the Court concludes, without further *175 comment, that we are not “firmly convinced” that an aspect of Taylor’s trial, if left unaddressed or uncorrected, would result in one of the Finley consequences listed above. Hence, we decline to apply the plain error doctrine. Opinion, ¶ 17.
¶33 I agree with this approach. We have previously explained that to obtain plain error review, the appellant must make a threshold showing that his or her claim meets any of the three criteria set out in Finley. See State v. West, 2008 MT 338, ¶ 23, 346 Mont. 244, 194 P.3d 683. Necessarily, once the appellant has addressed that threshold showing, he or she will then proceed to argue the merits of the claim. The claim may have merit, or it may not. But that is not the initial question this Court must decide. Rather, the initial question we must decide is whether we are “firmly convinced” that failing to address the claimed error would result in a manifest miscarriage of justice, leave unsettled the question of the fundamental fairness of the trial or proceedings, or compromise the integrity of the judicial process. Opinion, ¶ 17.
¶34 Implicit in our statement that we apply the doctrine of plain error review “sparingly,” Finley, 276 Mont. at 138, 915 P.2d at 215, is the reality that many claims which have merit (had they been properly preserved for appellate review) will not satisfy the high standard set by the three Finley criteria. And it follows from this that our refusal to apply the plain error doctrine is not based on our determination that the claim has no merit. Rather, it is based on our conclusion that we are not “firmly convinced” the claim meets one of the Finley criteria. For this reason, I believe it is inappropriate for this Court to express any view directed (implicitly or explicitly) toward the merits of a claimed error unless we have first decided to apply the plain error doctrine. If we are not “firmly convinced” that failing to review the claimed error will result in a manifest miscarriage of justice, leave unsettled the question of the fundamental fairness of the trial or proceedings, or compromise the integrity of the judicial process, then that is all we need to say.
¶35 Granted, we must “review” the appellant’s arguments to determine whether he or she has made the requisite showing under Finley. But there are a variety of reasons why we may conclude that this showing has not been made. Perhaps the parties’ briefing is inadequate or the claim has not been coherently presented; perhaps the constitutional theory itself has merit, but the facts do not support application of the right in the given case; perhaps it appears that the defendant suffered no prejudice from the claimed error; perhaps the *176 claim, as presented, appears to be without merit; or perhaps we are declining review for some other reason. No detailed explanation is required, however-especially since our exercise of plain error review is a purely discretionary matter, Finley, 276 Mont, at 137, 915 P.2d at 215, and since the claimed error was not properly preserved for appellate review in the first place. When we embark on a detailed explanation of why we are declining to apply the plain error doctrine, we may give the false impression that we have decided the merits of the claim, or we may issue what amounts to an unconstitutional advisory opinion on an issue that we ultimately are refusing to actually address and decide on the merits.
¶36 As noted, the Court in the present case explains that Taylor (who failed to properly preserve for our review the claimed error regarding the rape exam) has not demonstrated any of the three Finley criteria. The Court therefore declines, without further elaboration, to apply the doctrine of plain error review. Opinion, ¶ 17. Again, I agree with this approach.
¶37 I concur.